UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MARIBEL RODRIGUEZ,        )<br>                           )<br>        Plaintiff,          )<br>                           )<br>    vs.                    )<br>                           )<br>CITY OF CHICAGO, ILLINOIS, and )<br>CHICAGO POLICE OFFICERS    )<br>M. B. KAZARNOWICZ, Star No. 9003, )<br>M. J. LOPEZ, Star No. 7433, and )<br>VIRGINIA WARNECKE, Beat No. 1134, )<br>                           )<br>        Defendants.         ) | FILED STAMP: APRIL 9, 2008<br>08CV2020     J. N.<br>JUDGE CASTILLO<br>MAG. JUDGE COLE<br><br><br><br><br><br><br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT

Now comes Plaintiff, MARI RODRIGUEZ, ("Plaintiff"), by and through her attorney, Jeffrey B. Granich, and makes the following complaint against Defendant CITY OF CHICAGO, ILLINOIS, ("Defendant City"), and Defendants CHICAGO POLICE OFFICERS M. B. KAZARNOWICZ, Star No. 9003, M. J. LOPEZ, Star No. 7433, and VIRGINIA WARNECKE, Beat No. 1134, ("Defendant Officers"):

## JURISDICTION and VENUE

1. This action is brought pursuant to 42 U.S.C. § 1983 to redress the deprivation under color of law of Plaintiffs' rights as secured by the United States Constitution.

2. This Court has jurisdiction of the action pursuant to 28 U.S.C. §§ 1331, 1343 and 1367.

3. Venue is proper under 28 U.S.C. § 1391(b). All parties reside in this judicial district and the events giving rise to the claims asserted in this complaint occurred within this district.

## PARTIES

4. At all times relevant hereto, Plaintiff Maribel Rodriguez was a 36 year-old female resident of Chicago, Illinois.

5. At all times relevant hereto, Defendant Officers were Police Officers for the City of Chicago and were acting under the color of the law and within the scope of their employment.

6. Defendant City of Chicago is a municipal corporation, duly incorporated under the laws of the State of Illinois, and is the employer and principal of the Defendant Officers.

## FACTUAL ALLEGATIONS

7. On or about April 10, 2006, Plaintiff was driving her vehicle Westbound on Grand Ave. in Chicago, Illinois.

8. At the same date and time Defendant Officer Warnecke was operating her vehicle on the same roadway, and was weaving in and out of traffic in a dangerous manner.

9. Plaintiff attempted to maneuver her vehicle so as to avoid a collision with the vehicle operated by Defendant Officer Warnecke.

10. At this time, Defendant Officer Warnecke blocked Plaintiff's vehicle, exited her vehicle, and threatened to shoot Plaintiff.

11. Fearful for her safety, Plaintiff waived down a passing police vehicle driven by Defendant Officers Kazarnowicz and Lopez, who stopped their vehicle and spoke with both the Plaintiff and Defendant Officer Warnecke.

12. Despite being advised of the illegal and dangerous conduct of Defendant Officer Warnecke, Defendant Officers Kazarnowicz and Lopez proceeded to seize and detain Plaintiff without an arrest warrant, without a search warrant, and without probable cause to believe that Plaintiff was committing or had committed a crime.

13. At all times relevant hereto, Plaintiff was acting fully in conformity with all laws, statutes, and ordinances of the United States, the State of Illinois, and the City of Chicago.

13. During this unconstitutional detention/seizure, one or more of the Defendant Officers handcuffed Plaintiff and one or more of the Defendant Officers unreasonably searched Plaintiff.

14. Following the unconstitutional search, Plaintiff was arrested and taken to the 25th District Chicago Police Station where she was falsely charged with assault in violation of 720 ILCS 5.0/12-1-A.

15. Plaintiff remained in custody for this matter for one day before being released on her own recognizance.

16. On May 23, 2008, Defendant Officer Warnecke failed to appear in court and the false charges against Plaintiff were dismissed.

17. Thereafter, to continue her harassment of Plaintiff, Defendant Officer Warnecke demanded the Cook County States Attorney's Office to reinstate the false charges against Plaintiff.

18. The false charges against Plaintiff were reinstated on June 1, 2006.

19. On June 6, 2006, Defendant Officer Warnecke again failed to appear in court. The false charges against Plaintiff were once again dismissed on June 21, 2006.

20. Thereafter, Defendant Officer Warnecke again demanded that false charges be reinstated against Plaintiff despite the fact that she had refused two times to appear in court.

21. On July 12, 2006, false charges were reinstated against Plaintiff on July 12, 2006. All false charges against Plaintiff were finally dismissed on July 19, 2006.

## Count I – 42 U.S.C. § 1983 False Arrest

22. Plaintiff re-alleges paragraphs 1 through 21 as if fully repleaded herein.

23. On April 10, 2006, Plaintiff was seized and arrested without a warrant and without probable cause. This seizure and arrest were in violation of Plaintiff's rights secured under the Fourth and Fourteenth Amendments of the Constitution of the United States.

24. Defendant Officers unlawfully and maliciously arrested Plaintiff and wrongfully detained and searched her without any legal right to do so, in their official capacity as law enforcement officers, under color of state law, and acting within the scope of their employment.

3

25. The misconduct described in this Count was undertaken pursuant to the policy and practice of the Chicago Police Department in that:

   a. As a matter of both policy and practice, the Chicago Police Department directly encourages the type of misconduct at issue here by failing to adequately train, supervise and control its officers, and its failure to do so constitutes deliberate indifference;

   b. As a matter of both policy and practice, the Chicago Police Department facilitates the type of misconduct at issue here by failing to adequately punish and discipline prior instances of similar misconduct, thereby leading Chicago Police Officers to believe their actions will never be scrutinized and, in that way, directly encourages future abuses such as those affecting Plaintiff; specifically, Chicago Police officers accused of misconduct are aware that the Office of Professional Standards will not fully investigate these accusations and will almost always refuse to recommend discipline even where the officer has engaged in wrongdoing;

   c. As a matter of widespread practice so prevalent as to comprise municipal policy, Officers of the Chicago Police Department abuse citizens in a manner similar to that alleged by Plaintiff in this Count on a frequent basis, yet the Chicago Police Department makes findings of wrongdoing in a disproportionately small number of cases;

   d. Municipal policy-makers are aware of, and condone and facilitate by their inaction, a "code of silence" in the Chicago Police Department, by which Officers fail to report misconduct committed by other Officers, such as the misconduct at issue in this case;

   e. The City of Chicago has failed to act to remedy the patterns of abuse described in the preceding sub-paragraphs, despite actual knowledge of the same, thereby causing the types of injuries alleged here;

   f. As a matter of express policy, the City of Chicago does not retain any records which are more than five years old documenting allegations of misconduct against police officers, thereby preventing the City from ascertaining any patterns of abuse which might develop over the course of a Police Officer's career;

   g. As a matter of express policy, the City of Chicago refuses to take into consideration patterns of allegations of civil rights violations

           when evaluating the merits of any particular complaint. Regardless, the number of times an Officer is accused of the same misconduct, the Office of Professional Standards is forbidden by the City from considering those allegations if they are deemed "unsustained"; and,

    h.    The problem with the policy identified in the preceding paragraph is that by its own accounting, the City sustains less than 5% of the complaints brought against Police Officers for violations of civil rights.

26.    The acts committed by Defendant Officers were done maliciously, willfully and wantonly, intentionally, and with reasonable certainty that the acts were in violation of Plaintiff's constitutional rights and would cause harm to Plaintiff.

WHEREFORE, Plaintiff prays for judgment against Defendant Officers and Defendant City in a fair and just amount sufficient to compensate her for the injuries she suffered, plus, Plaintiff seeks a substantial sum in punitive damages against Defendants, costs and reasonable attorney fees, and all such other relief as this Court finds just and equitable.

## Count II – 42 U.S.C. § 1983 Unlawful Search

27.    Plaintiff re-alleges paragraphs 1 through 21 as if fully repleaded herein.

28.    Defendant Officers searched Plaintiff's person on April 10, 2006 without a search warrant and without probable cause to believe Plaintiff was committing or had committed a crime in violation of the 4th Amendment to the United States Constitution.

29.    The misconduct described in this Count was undertaken pursuant to the policy and practice of the Chicago Police Department in that:

    a.  As a matter of both policy and practice, the Chicago Police Department directly encourages the type of misconduct at issue here by failing to adequately train, supervise and control its officers, and its failure to do so constitutes deliberate indifference;

    b.  As a matter of both policy and practice, the Chicago Police Department facilitates the type of misconduct at issue here by failing to adequately punish and discipline prior instances of similar misconduct, thereby leading Chicago Police Officers to believe their actions will never be scrutinized and, in that way, directly encourages future abuses such as those affecting Plaintiff; specifically, Chicago Police officers accused of misconduct are aware that the Office of Professional Standards will not

5

    fully investigate these accusations and will almost always refuse to recommend discipline even where the officer has engaged in wrongdoing;

    c. As a matter of widespread practice so prevalent as to comprise municipal policy, Officers of the Chicago Police Department abuse citizens in a manner similar to that alleged by Plaintiff in this Count on a frequent basis, yet the Chicago Police Department makes findings of wrongdoing in a disproportionately small number of cases;

    d. Municipal policy-makers are aware of, and condone and facilitate by their inaction, a "code of silence" in the Chicago Police Department, by which Officers fail to report misconduct committed by other Officers, such as the misconduct at issue in this case;

    e. The City of Chicago has failed to act to remedy the patterns of abuse described in the preceding sub-paragraphs, despite actual knowledge of the same, thereby causing the types of injuries alleged here;

    f. As a matter of express policy, the City of Chicago does not retain any records which are more than five years old documenting allegations of misconduct against police officers, thereby preventing the City from ascertaining any patterns of abuse which might develop over the course of a Police Officer's career;

    g. As a matter of express policy, the City of Chicago refuses to take into consideration patterns of allegations of civil rights violations when evaluating the merits of any particular complaint. Regardless, the number of times an Officer is accused of the same misconduct, the Officer of Professional Standards is forbidden by the City from considering those allegations if they are deemed "unsustained"; and,

    h. The problem with the policy identified in the preceding paragraph is that by its own accounting, the City sustains less than 5% of the complaints brought against Police Officers for violations of civil rights.

30. The aforementioned actions of the Defendant Officers proximately caused Plaintiff to be deprived of her 4th Amendment right to be free from unlawful searches.

    WHEREFORE, Plaintiff prays for judgment against Defendants in a fair and just amount sufficient to compensate her for the injuries she suffered, plus, Plaintiff seeks a substantial sum in punitive damages against the Defendants, costs and reasonable attorney fees, and all such other relief as this Court finds just and equitable.

### Count III—42 U.S.C. § 1983 Malicious Prosecution

31. Plaintiff re-alleges paragraphs 1 through 21 as if fully repleaded herein.

32. Defendant Officers initiated and continued judicial proceedings against Plaintiff by intentionally making knowingly false statements in police reports and causing false testimony to be presented to a Cook County judge at the preliminary hearing. This false and malicious conduct resulted in Plaintiff being charged with and prosecuted for Possession of a Controlled Substance.

33. Defendant Officers instituted the judicial proceedings against Plaintiff with malice and with willful and wanton disregard for the truth.

34. Defendant Officers brought said false charges and continued the prosecution of such false charges in order to cover up their own illegal conduct.

35. On May 23, 2006, Plaintiff's case was dismissed.

36. As a direct and proximate result of this illegal and malicious conduct, Plaintiff has suffered extensive damages, including but not limited to: severe emotional harm, legal and other out-of-pocket costs and other damages which will be proven at trial.

WHEREFORE, Plaintiff prays for judgment against Defendant Officers and Defendant City in a fair and just amount sufficient to compensate her for the injuries she suffered, plus, Plaintiff seeks costs and reasonable attorney fees, and all such other relief as this Court finds just and equitable.

### Count IV – 42 U.S.C. § 1983 Conspiracy

37. Plaintiff re-alleges paragraph 1 through 21 as if fully repleaded herein.

38. Defendant Officers and Defendant City reached an understanding, engaged in a sequence of events or course of conduct and otherwise agreed and conspired together to violate the constitutional rights of the Plaintiff.

39. Each Defendant did reach this understanding and agreement and did engaged in this course of conduct with the mutual purpose, objective and knowledge that it would deprive Plaintiff of her right of due process, as guaranteed by the constitution.

40. Additionally, said conspiracy and joint action violated Plaintiff's 14th Amendment rights, under color of law, in contravention of 42 U.S.C. § 1983.

41. Acting in furtherance of this plan and conspiracy, Defendants did commit overt acts, including the illegal seizure, detention, search, and arrest of Plaintiff on April 10, 2006, as more fully alleged in the preceding paragraphs.

42. The misconduct described in this Count was undertaken pursuant to the policy and practice of the Chicago Police Department in that:

   a. As a matter of both policy and practice, the Chicago Police Department directly encourages the type of misconduct at issue here by failing to adequately train, supervise and control its officers, and its failure to do so constitutes deliberate indifference;

   b. As a matter of both policy and practice, the Chicago Police Department facilitates the type of misconduct at issue here by failing to adequately punish and discipline prior instances of similar misconduct, thereby leading Chicago Police Officers to believe their actions will never be scrutinized and, in that way, directly encourages future abuses such as those affecting Plaintiff; specifically, Chicago Police officers accused of misconduct are aware that the Office of Professional Standards will not fully investigate these accusations and will almost always refuse to recommend discipline even where the officer has engaged in wrongdoing;

   c. As a matter of widespread practice so prevalent as to comprise municipal policy, Officers of the Chicago Police Department abuse citizens in a manner similar to that alleged by Plaintiff in this Count on a frequent basis, yet the Chicago Police Department makes findings of wrongdoing in a disproportionately small number of cases;

   d. Municipal policy-makers are aware of, and condone and facilitate by their inaction, a "code of silence" in the Chicago Police Department, by which Officers fail to report misconduct committed by other Officers, such as the misconduct at issue in this case;

   e. The City of Chicago has failed to act to remedy the patterns of abuse described in the preceding sub-paragraphs, despite actual knowledge of the same, thereby causing the types of injuries alleged here;

  f.  As a matter of express policy, the City of Chicago does not retain any records which are more than five years old documenting allegations of misconduct against police officers, thereby preventing the City from ascertaining any patterns of abuse which might develop over the course of a Police Officer's career;

  g.  As a matter of express policy, the City of Chicago refuses to take into consideration patterns of allegations of civil rights violations when evaluating the merits of any particular complaint. Regardless, the number of times an Officer is accused of the same misconduct, the Office of Professional Standards is forbidden by the City from considering those allegations if they are deemed "unsustained"; and,

  h.  The problem with the policy identified in the preceding paragraph is that by its own accounting, the City sustains less than 5% of the complaints brought against Police Officers for violations of civil rights.

43. This course of conduct by Defendants described in this count was done willfully, maliciously, intentionally, or with reckless disregard and gross negligence, and directly and proximately caused injury and harm to Plaintiff.

WHEREFORE, Plaintiff prays for judgment against these Defendants in a fair and just amount sufficient to compensate her for the injuries she suffered, plus, Plaintiff seeks a substantial sum in punitive damages against each of the Defendants, costs and reasonable attorney fees, and all such other relief as this Court finds just and equitable.

### Count V – Intentional Infliction of Emotional Distress

44. Plaintiff re-alleges paragraphs 1 through 21 as if fully repleaded herein.

45. Jurisdiction of this court is invoked pursuant to its supplemental jurisdiction under title 28, United States Code §1367.

46. Defendant Officers' illegal arrest, unlawful seizure, and malicious prosecution of Plaintiff were committed with intentional disregard for Plaintiff's innocence, and amount to extreme and outrageous conduct against Plaintiff.

47. Defendants intended to inflict severe emotional distress upon Plaintiff and knew that there was a high probability that their conduct would cause her severe emotional distress and mental anguish.

48. As a direct and proximate result of this illegal and malicious conduct, Plaintiff suffered extensive damages, including but not limited to severe emotional harm, legal and other out-of-pocket costs and other damages which will be proven at trial.

WHEREFORE, Plaintiff prays for judgment against Defendants in a fair and just amount sufficient to compensate her for the injuries she suffered, plus, Plaintiff seeks costs and reasonable attorney fees, and all such other relief as this Court finds just and equitable.

### Count VI—State Law Claims Against Defendant City
*Respondeat Superior* **and Indemnification**

49. Plaintiff re-allege paragraphs 1 through 21 as if fully re-pleaded herein.

50. Illinois law provides that public entities, such as Defendant City, are directed to pay any compensatory damages on a tort judgment against an employee who was acting within the scope of his or her employment.

51. At all relevant times, Defendant Officers were agents of Defendant City and employees of the Chicago Police Department acting within the scope of their employment. Defendant City, therefore, is liable as principal for all torts committed by its agents, Defendant Officers.

WHEREFORE, Plaintiff prays for judgment against Defendants in a fair and just amount sufficient to compensate her for the injuries she suffered, plus, Plaintiff seeks costs and reasonable attorney fees, and all such other relief as this Court finds just and equitable.

    MARIBEL RODRIGUEZ,
    Plaintiff,


    By:   s/Jeffrey B. Granich
        Jeffrey B. Granich
        Attorney for Plaintiff


JEFFREY B. GRANICH
Law Offices of Jeffrey B. Granich
53 W. Jackson Blvd.

Suite 840
Chicago, IL 60604
(312) 939-9009
A.R.D.C. No. 6207030

11